IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEREK R. NICHOLS, | ) | 8:14CV333 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| WILLIAM WRIGHT, Judge (Buffalo District Judge) Official Capacity, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241. (Filing No. 1 at CM/ECF p. 1.) The court will treat the habeas corpus petition as one brought pursuant to 28 U.S.C. § 2254 because it is clear from Petitioner's pleadings that he is a "person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254 no matter how his pleadings are styled. *See Coppage v. Redman*, 429 Fed. Appx. 626, 626 (8th Cir. 2011); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir.2001).

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner.") (internal quotation marks and brackets omitted).

Here, Petitioner has named Buffalo County District Court Judge William Wright as the respondent in this matter. However, Judge Wright is not the proper respondent in this case. In order for this matter to proceed, Petitioner must file an amended petition for writ of habeas corpus naming the current warden of Petitioner's

place of confinement as the respondent. In the alternative, Plaintiff may file a motion to substitute party in which he asks the court to substitute the current warden of his present place of confinement as the respondent.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Petitioner has 30 days to file an amended petition for writ of habeas corpus naming the current warden of Petitioner's place of confinement as the respondent. In the alternative, Petitioner may file a motion to substitute party in which he asks the court to substitute the current warden at his present place of confinement as the respondent.

2. Failure to comply as directed may result in dismissal of this matter without further notice to Petitioner.

3. The clerk's office is directed to set the following pro se case management deadline: March 1, 2015: Deadline for the petitioner to name proper respondent.

DATED this 29th day of January, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.